IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW McCOOEY,

    Petitioner

v.

JERRY C. MARTINEZ,

    Respondent

CIVIL NO. 4:09-CV-1533

(Judge McClure)

## **MEMORANDUM and ORDER**

January 25, 2010

Petitioner Matthew McCooey ("Petitioner" or "McCooey"), an inmate presently confined at the Low Security Correctional Institution at Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") pursuant to the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) McCooey claims that he is entitled to consideration for a twelve (12) month placement in a residential re-entry center ("RRC") in accordance with the Second Chance Act of 2007. For the reasons set forth below, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

## **I. BACKGROUND**

On March 11, 2009, McCooey was sentenced in the United States District Court

for the Western District of New York to an eighteen (18) month term of imprisonment for possession with intent to distribute and distribution of cocaine. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 7 ¶ 2.) He currently is scheduled to be released on May 10, 2010, via good time release. (*See id.* ¶ 3.) He has been designated at LSCI Allenwood since April 13, 2009. (*See id.*)

Prior to McCooey's sentencing, on April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Act increases an inmate's eligibility for pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before each inmate's probable release date. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 8 ¶ 4.) Referrals are then forwarded to the Community Corrections Manager ("CCM") at least sixty (60) days prior to the maximum recommended range or date. (*See id.* ¶ 5, citing BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer*

*Procedures.*)

On April 30, 2009, McCooey's Unit Team conducted a Program Review and informed him that a recommendation would be made to the CCM that he be placed in an RRC sixty (60) to ninety (90) days prior to his release date. (*See id.* at 8-9 ¶ 7.) This recommendation was based on "McCooey's current offense, noting that he has a short term sentence; available resources within the release district, noting that he has secured residency with his girlfriend; financial planning, noting that although he has not secured employment, he is employable and has held several positions in the past; academic history, noting that he graduated from high school and is skilled as a landscaper and mechanic; and his health, noting that he is in good health." (*See id.* at 9 ¶ 9; Inmate Skills Development Plan, Rec. Doc. No. 5-2 at 53-63.) McCooey was informed that it is determined that this range is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 9 ¶ 10.) On July 24, 2009, the recommended RRC placement for sixty (60) to ninety (90) days was approved by the institution Warden. (*See id.* ¶ 8.)

## II. DISCUSSION

Title 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (quoting 28 U.S.C. §§ 2241(a)

and (c)(3)). In *Woodall v. Federal Bureau of Prisons*, the United States Court of Appeals for the Third Circuit concluded that § 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. 432 F.3d 235, 242 (3d Cir. 2005).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for

4

administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. *Id.* If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

BOP records reflect that McCooey has not filed any requests for administrative remedies. (*See* Albert Decl., Rec. Doc. No. 5-2 at 4 ¶ 5; SENTRY printout, Rec. Doc. No. 5-2 at 6.) McCooey admits that he did not exhaust the BOP Administrative Remedy Program before filing the instant petition, but argues that he is "challenging the validity of the BOP's April 14, 2008 guidance,[1] not its application," and therefore,

---

[1]On April 14, 2008, just days after the Second Chance Act was signed into law, the BOP issued a guidance memorandum directing staff to follow changes set forth by the Act. Specifically, RRC placements were increased to a maximum of twelve (12) months; RRC placement determinations were to be made on an individualized basis using the criteria set forth at 18 U.S.C. § 3621(b); and sentencing court orders, recommendations or requests directing an inmate's placement in an RRC were not binding. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 8 ¶ 4; 4/14/08 Memorandum, Rec. Doc. No. 5-2 at 12.)

5

the exhaustion requirement is inapplicable to him pursuant to *Strong v. Schultz*, 599 F. Supp. 2d 556, 561 (D.N.J. 2009). (*Id.*) He also argues that he would be further prejudiced by time constraints if he were to exhaust his administrative remedies. (Rec. Doc. No. 1 at 3 ¶ 11.)

In *Strong*, the United States District Court for the District of New Jersey concluded that the BOP abused its discretion in determining that the petitioner's RRC placement should be for six (6) months, and remanded the case to the BOP to immediately reconsider the petitioner's placement for the remaining nine (9) months of his sentence. *Strong*, 599 F. Supp. 2d at 563. Strong fully exhausted his administrative remedies following the initial determination that his RRC placement should be for sixty (60) days, and succeeded through that process in increasing his RRC placement to six (6) months. *Id.* at 557-58, 561. However, Strong did not pursue a *second* round of administrative remedies before filing a federal habeas petition seeking to increase his placement to twelve (12) months. *Id.* at 560-61. In explaining its decision to excuse the exhaustion requirement with respect to his claim that he was entitled to even more time in an RRC, the Court relied heavily on the fact that Strong had fully exhausted his administrative remedies upon the initial determination of his RRC placement. *Id.* at 561. Consequently, *Strong* is inapplicable in the instant case because McCooey has not filed any administrative remedies.

6

McCooey's argument that he would be prejudiced by time constraints if he exhausted his administrative remedies before filing the instant petition also is unavailing. McCooey's Unit Team informed him on April 30, 2009 that a recommendation that he be placed in an RRC sixty (60) to ninety (90) days prior to his release date would be made to the CCM. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 8-9 ¶ 7.) McCooey waited over three (3) months after receipt of his Unit Team's recommendation to file the instant petition. Therefore, he had adequate time to pursue his administrative remedies before filing in this Court.

In his reply, McCooey argues that Respondent erred in suggesting that his petition should be dismissed for failure to exhaust administrative remedies because he was not aware of the guidance contained in the BOP's April 14, 2008 Memorandum until the *Strong* case was decided, and therefore, he would not have known to file an administrative remedy following the determination of his RRC placement. (*See* Rec. Doc. No. 6 at 1.) He claims that his RRC placement was determined in October 2008. (*See id.*) However, McCooey was not even sentenced until March 11, 2009, and therefore, it is not possible that the BOP determined his RRC placement eligibility in October 2008. (*See* Beaver Decl., Rec. Doc. No. 5-2 at 7 ¶ 2.) The record reflects that the determination was made on April 30, 2009. (*See id.* at 8-9 ¶ 7.) In addition, the *Strong* case was decided on February 26, 2009, approximately two months *before*

McCooey's placement determination. Accordingly, McCooey's argument that he should be excused from the exhaustion requirement because the *Strong* case had not yet been decided at the time of his RRC placement determination fails.

Finally, McCooey suggests in his reply that exhaustion would be futile because other prisoners have challenged the BOP's RRC policies without success, and to his knowledge, none of these prisoners have obtained an RRC placement longer than six (6) months. (*See* Rec. Doc. No. 6 at 2.) Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before the twelve (12) month pre-release mark, which is a statutory maximum and not a mandate. *See* 18 U.S.C. § 3624(c)(1)-(6). *See also Ross v. Martinez*, 2009 WL 4573686 (M.D. Pa. Dec. 1, 2009) (Jones, J.); *D'Alfonoso v. Martinez*, 2009 WL 3182970 (M.D. Pa. Sep. 30, 2009) (Connor, J.); *Melchiorre v. Martinez,* 2009 WL 3241678 (M.D. Pa. Sep. 30, 2009) (Connor, J.); *Malvestuto v. Martinez,* 2009 WL 2876883 (M.D. Pa. Sep. 1, 2009) (Connor, J.); *Torres v. Martinez,* 2009 WL 2487093 (M.D. Pa. Aug. 12, 2009) (Munley, J.); *Miceli v. Martinez,* 2008 WL 4279887 (M.D. Pa. Sep. 15, 2008) (Rambo, J.). McCooey was aware of his Unit Team's recommendation on April 30, 2009, which afforded him adequate time to initiate and complete the administrative remedy process before filing the instant petition over three (3) months later. Accordingly, McCooey has not

demonstrated that he should be excused from the exhaustion requirement, and the petition will be dismissed for failure to exhaust administrative remedies. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

                                                  s/ James F. McClure, Jr.
                                                  JAMES F. McCLURE, JR.
                                                  United States District Judge